UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHELLE CAMARENA and <br> TIMOTHY CAMARENA, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHAMBERLAIN GROUP, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:13-CV-390-TAV-CCS <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw [Doc. 24], filed by Attorney Linda G. Welch. Ms. Welch represents that she is retiring from the practice of law and is in the process of closing the law firm of Linda G. Welch & Associates, PC. Ms. Welch states that the Plaintiffs have been advised that she will be withdrawing as counsel, and neither of the Plaintiffs opposes her withdrawal. Additionally, Ms. Welch notes that on August 18, 2014, the District Judge entered an Agreed Order to Continue Trial Date and Stay Deadlines, which removed the present trial date and stayed the pretrial deadlines in this case for ninety days. Ms. Welch represents that the Plaintiffs have been apprised of the timeframe for securing new counsel.

Defendant has filed a response to the Motion to Withdraw [Doc. 25], stating that the Defendant does not oppose Ms. Welch's request to withdraw.

Local Rule 83.4 governs requests to withdraw as counsel in the Eastern District of Tennessee. The Court finds that Ms. Welch has substantially complied with the requirements of

Rule 83.4, with one exception: she has not provided a mailing address for the Plaintiffs. Therefore, Ms. Welch is **ORDERED** to: (1) to mail a copy of this Memorandum and Order to Plaintiffs' last-known address; and (2) to file a notice in CM/ECF certifying that this mailing has been sent and stating the last-known address of Plaintiffs. The Court finds that Ms. Welch's completion of these tasks will render the failure to comply with Local Rule 83.4 harmless.

Accordingly, the Motion to Withdraw **[Doc. 24]** is **GRANTED**, and upon completion of the above-described tasks, Ms. Welch will be fully **RELIEVED** of her duties as counsel in this case. The Clerk of Court is **DIRECTED** to designate Plaintiffs as proceeding *pro se* in the record and to enter the address used in the Complaint [Doc. 1-2] as Plaintiffs' address. If Ms. Welch's notice of mailing provides a different address for Plaintiffs, the Clerk of Court is **DIRECTED** to update the address in the record.

Plaintiffs are hereby **ADMONISHED** that they are deemed to be proceeding *pro se*. Until they obtain substitute counsel, it is Plaintiffs' obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if the Plaintiffs elect to proceed in this case without an attorney, they are responsible for complying with all deadlines set by the Court. Specifically, the Plaintiffs are reminded that the ninety-day stay in this case will expire on approximately November 18, 2014, and at that time, they must confer with Defendant's counsel and the District Judge's chambers to identify a date for the trial of this case. Further, Plaintiffs, like any other parties, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge